LUCIUS O. WILSON v. ALMERON P. MERRILL.

*Tenancy at will—Notice to quit.*

A divorced wife, who with her husband's consent, has kept possession of lands to which he holds the legal title, is at least a tenant at will and entitled to notice before she can be disturbed.

Error to Eaton. Submitted April 12. Decided April 16.

REPLEVIN. Defendant brings error.

*Sagendorph & Fales* for plaintiff in error. One who is placed upon land without prescribing terms or reserving rent, and as a mere occupant, is a tenant at will. *Harris v. Frink,* 49 N. Y., 32: 10 Amer., 325; *Jackson v. Bradt*] 2 Cai., 174; *Burns v. Bryant,* 31 N. Y., 453.

*Frank A. Hooker* for defendant in error.

CAMPBELL, C. J. Merrill, who held the legal title to a forty-acre lot, brought replevin against Wilson for crops. Wilson was tenant of Rebecca Merrill, a former wife of plaintiff below, who had obtained a divorce from him in 1875. These crops were raised in 1877. From

the testimony on both sides the only admissible inference is that Rebecca Merrill had been in possession with plaintiff's consent for several years. No notice to quit was ever given. And there is no testimony tending to show any occupancy which did not cover the premises in question.

The case was put to the jury as if Mrs. Merrill was not only at best but a tenant at sufferance, but under a tenancy which was terminable by re-entry, at any time. The charge was somewhat involved, and open to criticism in several particulars pointed out on the argument. But it would be out of place to enlarge on legal propositions which were not in the case.

Mrs. Merrill was not a tenant at sufferance. She was no less at any rate than a tenant at will. Whether or not any difficulty existed in her tenure during the marriage, there could have been none after the divorce. She could not—if a tenant at will—be compellable to remove without notice, and any disturbance of her possession before notice would be unlawful.

Upon the undisputed facts there was nothing to go to the jury, and defendant below should have had a verdict in his favor.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.